# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| LENNARD P. FRANSEN, | : | Civil No. 3:16-cv-1451 |
|---|---|---|
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN ERIC TICE, et al., | : | |
| Respondents | : | |

## MEMORANDUM

Petitioner Lennard Fransen ("Fransen") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction and sentence imposed in the Court of Common Pleas of Monroe County, Pennsylvania. (Doc. 1). For the reasons discussed below, the petition will be denied.

## I.   Background[1]

On April 11, 2003, Fransen was charged in connection with the murder of Robert Sandt. See *Commonwealth v. Fransen*, 42 A.3d 1100, 1102-03 (Pa. Super. 2012). Fransen and his co-defendant, Teri Lynn Levanduski, allegedly conspired to kill Sandt, who was Levanduski's common-law husband. See *id.*

On May 3, 2004, following a jury trial, Fransen was found guilty of criminal homicide,

---

[1] A federal habeas court may take judicial notice of state court records. *Montanez v. Walsh*, 2014 WL 47729, at *4 n.2 (M.D. Pa. Jan. 7, 2014); see also *Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988). Accordingly, in reviewing this petition, the Court takes judicial notice of the publicly available dockets of criminal and collateral post-conviction proceedings in the Court of Common Pleas of Monroe County, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania.

murder in the first-degree; criminal homicide as an accomplice; and, conspiracy to commit criminal homicide. (Doc. 1; *Commonwealth v. Fransen*, No. CP-45-CR-1492-2002 (Pa. Ct. Com. Pl. Monroe Cty.)). On July 21, 2004, Fransen was sentenced to life imprisonment without the possibility of parole. *Id.*

On January 29, 2004, counsel for Fransen filed a direct appeal. On October 13, 2006, the Superior Court affirmed the judgment of sentence on the ground that Fransen's Rule 1925(b) statement was untimely filed, and all claims therein were waived. *Commonwealth v. Fransen*, 913 A.2d 940 (Pa. Super. 2006) (unpublished memorandum). Fransen filed a petition for allowance of appeal with the Pennsylvania Supreme Court. *Commonwealth v. Fransen*, No. 974 MAL 2006 (Pa.). On April 25, 2007, the Pennsylvania Supreme Court denied the petition for allowance of appeal. *Commonwealth v. Fransen*, 921 A.2d 495 (Pa. 2007).

On April 3, 2008, Fransen filed a *pro se* petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46, seeking to reinstate his appeal rights *nunc pro tunc*. (Doc. 13-10, PCRA Petition). On July 24, 2008, the PCRA court granted the petition and reinstated Fransen's appeal rights based on counsel's failure to timely file the Rule 1925(b) statement. (Doc. 13-3, p. 23).

On August 12, 2008, Fransen filed a *pro se* motion for a new trial. (Doc. 13-3, p. 24). On August 14, 2008, the trial court dismissed the motion in light of the PCRA court's

July 24, 2008 order reinstating Fransen's appellate rights. (*Id.*).

On August 20, 2008, Fransen filed a notice of appeal of the trial court's July 21, 2004 sentencing order. *Commonwealth v. Fransen*, No. 2482 EDA 2008 (Pa. Super.). Fransen subsequently filed a motion to withdraw counsel. See *Commonwealth v. Fransen*, 986 A.2d 154, 158 (Pa. Super. 2009). On appeal, the Superior Court declined to reinstate Fransen's right to file post-sentence motions, indicating that he may raise his ineffectiveness claims in a second PCRA petition. *Id.* The Superior Court remanded Fransen's case to the PCRA court to hold a hearing pursuant to *Commonwealth v. Grazier*, 552 Pa. 9, 713 A.2d 81 (1998) to determine whether Fransen's waiver of counsel was knowing, intelligent, and voluntary. *Id.* The Superior Court further directed that, after such determination, Fransen would have thirty days to file a notice of appeal *nunc pro tunc* pursuant to the court's July 24, 2008 PCRA order. *Id.*

Fransen subsequently withdrew his request to proceed *pro se* and the trial court appointed counsel. (Doc. 13-3, p. 34). On March 12, 2010, counsel filed a notice of appeal from the trial court's sentencing order. *Commonwealth v. Fransen*, No. 692 EDA 2010 (Pa. Super.). On March 2, 2012, the Pennsylvania Superior Court affirmed the judgment of sentence. *Commonwealth v. Fransen*, 42 A.3d 1100 (Pa. Super. 2012). Fransen did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On September 14, 2012, Fransen filed his second *pro se* PCRA petition. (Doc. 13-

18, PCRA Petition). On September 28, 2012, the PCRA court appointed counsel, who filed an amended PCRA petition. (Doc. 13-3, p. 39). On April 23, 2013, following a hearing, the PCRA court granted Fransen's amended PCRA petition and reinstated his right to file a petition for allowance of appeal from the Superior Court's March 2, 2012 order, *nunc pro tunc*. (Doc. 13-3, p. 40). On May 28, 2013, Fransen filed a petition for allowance of appeal with the Pennsylvania Supreme Court. *Commonwealth v. Fransen*, 374 MAL 2013 (Pa.). On October 2, 2013, the Pennsylvania Supreme Court denied the petition for allowance of appeal. *Commonwealth v. Fransen*, 76 A.3d 538 (Pa. 2013).

On June 6, 2014, Fransen filed his third *pro se* PCRA petition. (Doc. 13-21, PCRA Petition). On June 18, 2014, the PCRA court appointed counsel. (Doc. 13-3, p. 41). On August 13, 2014, counsel filed an amended PCRA petition. (*Id.*). On January 12, 2015, the PCRA court denied the petition. (*Id.* at p. 44). Fransen filed a timely notice of appeal. *Commonwealth v. Fransen*, 274 EDA 2015. On July 16, 2015, the Pennsylvania Superior Court affirmed the denial of the PCRA petition. *Commonwealth v. Fransen*, 2015 WL 6874995 (Pa. Super. 2015). Fransen did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

II. **Standards of Review**

The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and

4

Effective Death Penalty Act of 1996 ("AEDPA"). A habeas corpus petition pursuant to §

2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his

confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439

(1973). "[I]t is not the province of a federal habeas court to reexamine state-court

determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct.

475, 116 L.Ed.2d 385 (1991). Rather, federal habeas review is restricted to claims based

"on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties

of the United States." 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 68.

### A. Exhaustion

Habeas corpus relief cannot be granted unless all available state remedies have

been exhausted, or there is an absence of available state corrective process, or

circumstances exist that render such process ineffective to protect the rights of the

applicant. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on

principles of comity in order to ensure that state courts have the initial opportunity to review

federal constitutional challenges to state convictions. *See Werts v. Vaughn*, 228 F.3d 178,

192 (3d Cir. 2000).

A state prisoner exhausts state remedies by giving the "state courts one full

opportunity to resolve any constitutional issues by invoking one complete round of the

State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845,

119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).[2] Respect for the state court system requires that the petitioner demonstrate that the claims in question have been "fairly presented to the state courts." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). To "fairly present" a claim, a petitioner must present its "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999); *see also Nara v. Frank*, 488 F.3d 187, 197-98 (3d Cir. 2007) (recognizing that a claim is fairly presented when a petitioner presents the same factual and legal basis for the claim to the state courts). While the petitioner need not cite "book and verse" of the federal Constitution, *Picard v. Connor*, 404 U.S. 270, 278, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), he must "give the State 'the opportunity to pass upon and correct' alleged violations of its prisoners' federal rights" before presenting those claims here, *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (quoting *Picard*, 404 U.S. at 275, 92 S.Ct. 509).

### B. Merits Standard

Once a court has determined that the exhaustion requirement is met and, therefore, that review on the merits of the issues presented in a habeas petition is warranted, the

---

[2] In Pennsylvania, pursuant to Order 218 of the Pennsylvania Supreme Court, review of criminal convictions and post-conviction relief matters from the Pennsylvania Supreme Court is discretionary and "unavailable" for purposes of exhausting state court remedies under § 2254. *Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004). Thus, to exhaust state remedies, a Pennsylvania prisoner need appeal only to the Pennsylvania Superior Court.

scope of that review is set forth in 28 U.S.C. § 2254(d). Section 2254(d) provides, in pertinent part, that an application for a writ of habeas corpus premised on a claim previously adjudicated on the merits in state court shall not be granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). To establish that the decision was contrary to federal law "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." *Matteo v. Superintendent*, 171 F.3d 877, 888 (3d Cir. 1999). Similarly, a federal court will only find a state court decision to be an unreasonable application of federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id.*

Further, under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a state court's findings of fact are correct. A petitioner may only rebut this presumption with clear and convincing evidence of the state court's error. *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual

decisions); *Matteo*, 171 F.3d at 888; *Thomas v. Varner*, 428 F.3d 492, 497-98 (3d Cir. 2005). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000). Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." *Mastracchio v. Vose*, 274 F.3d 590, 597-98 (1st Cir. 2001).

Like the "unreasonable application" prong of paragraph (1), a factual determination should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational jurist could not reach the same finding on the basis of the evidence in the record. 28 U.S.C. § 2254(d)(2); *Porter v. Horn*, 276 F. Supp. 2d 278, 296 (E.D. Pa. 2003); *see also Torres v. Prunty*, 223 F.3d 1103, 1107-08 (9th Cir. 2000); *cf. Jackson v. Virginia*, 443 U.S. 307, 316 (1979). "This provision essentially requires the district court to step into the shoes of an appellate tribunal, examining the record below to ascertain whether sufficient evidence existed to support the findings of fact material to the conviction." *Breighner v. Chesney*, 301 F. Supp. 2d 354, 364 (M.D. Pa. 2004) (citing 28 U.S.C. § 2254(d)(2) and (f)[3]). Mere disagreement with an inferential leap or credibility judgment of the state court is insufficient to permit relief. *Porter*, 276 F. Supp. 2d at 296; *see also Williams v. Taylor*, 529 U.S. 362, 408-09 (2000); *Hurtado v. Tucker*, 245 F.3d 7, 16 (1st Cir. 2001). Only when the finding

---

[3] "If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination." 28 U.S.C. § 2254(f).

lacks evidentiary support in the state court record or is plainly controverted by evidence therein should the federal habeas court overturn a state court's factual determination. *Porter*, 276 F. Supp. 2d at 296; *see also Williams*, 529 U.S. at 408-09.

## C. Ineffective Assistance of Counsel Standard

The Sixth Amendment right to counsel is the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This right to effective assistance of counsel also extends to the first appeal. *Lewis v. Johnson*, 359 F.3d 646, 656 (3d Cir. 2004). In *Strickland*, the Supreme Court articulated a two-prong test in assessing whether a petitioner has been denied the effective assistance of counsel. *Strickland*, 466 U.S. at 687-88. A petitioner must demonstrate: (1) that his counsel's representation "fell below an objective standard of reasonableness" and (2) that such defective performance caused the petitioner prejudice. *See id.*

In evaluating the first prong of the *Strickland* test, the court must be "highly deferential" toward counsel's conduct. *Id.* at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* ("It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."). "*Strickland* and its progeny make clear that counsel's strategic choices will

not be second-guessed by post-hoc determinations that a different trial strategy would have fared better." *Rolan v. Vaughn*, 445 F.3d 671, 681-82 (3d Cir. 2006) (citing *Strickland*, 446 U.S. at 689). Notably, courts will not deem counsel ineffective for failing to raise a meritless argument. *Strickland*, 466 U.S. at 691; *United States v. Saunders*, 165 F.3d 248, 253 (3d Cir. 1999).

To satisfy the prejudice prong, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Moreover, the petitioner must show that he or she had a reasonable likelihood of prevailing on the motion at issue, and having prevailed on the motion, it was also reasonably likely that the result of the trial would have been different. *See Thomas v. Varner*, 428 F.3d 491, 502 (3d Cir. 2005).

To prevail on a claim for ineffective assistance of counsel, a petitioner must satisfy both prongs of the *Strickland* test. *Carpenter v. Vaughn*, 296 F.3d 138, 149 (3d Cir. 2002). The inquiry may begin with either the deficient performance or prejudice prong, and the court is not required to consider the second prong of the test if the petitioner is unable to satisfy the first one. *Strickland*, 466 U.S. at 697.

### III. Discussion

Fransen alleges that trial counsel was ineffective on the following grounds: (1) failing

to call his co-defendant as a witness during trial; (2) failing to contact his co-defendant and secure her attendance at trial; and, (3) failing to present claims of prosecutorial misconduct. The Court will first address grounds one and two, which were presented to and denied by the state court, before turning to ground three, which has been procedurally defaulted, thus warranting no merits analysis.

### A.     Grounds One and Two

Fransen asserts that trial counsel was ineffective in failing to call his co-defendant as a witness during trial, and failing to contact his co-defendant and secure her attendance at trial. The Superior Court rejected these claims as follows:

> Fransen argues that Attorney Riegel was ineffective because he failed to call Teri Levanduski ("Levanduski") as a witness. Brief for Appellant at 12-13. Fransen asserts that Levanduski was available to testify; Attorney Riegel knew of her existence; and she would have testified on Fransen's behalf. *Id.* at 13. Fransen and Levanduski exchanged letters, which discussed a "mission," and, Fransen claims, Levanduski would have testified that the "mission" was actually referring to his child support case in Florida, not to murdering Sandt. *Id.* at 14-16. Fransen contends that the absence of this testimony prejudiced him because Levanduski was the only person who could testify as to the meaning of certain words in letters that the Commonwealth had used as evidence in his trial. *Id.* Fransen argues that Attorney Riegel's actions were not reasonable because during the PCRA hearing, Levanduski stated that she would have testified on Fransen's behalf, despite the advice from her lawyer. *Id.* at 13. Fransen also argues that Attorney Riegel could have questioned Levanduski before she took the stand to see if she would invoke her Fifth Amendment rights. *Id.* at 13, 19. Further, Fransen claims that Attorney Riegel's testimony that his strategy would have been different if he had received a statement from Levanduski saying that the word "mission" in the letters had a different meaning was unreasonable and irrational. *Id.* at 18.

11

To succeed on an ineffectiveness claim, the appellant must demonstrate by the preponderance of the evidence that

> (1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 165, 177 (Pa. 2010). Counsel is presumed to be effective and the burden is on the appellant to prove otherwise. *Commonwealth v. Hanible*, 30 A.3d 426, 439 (Pa. 2011).

To establish that counsel was ineffective for failure to call a witness, appellant must prove that

> (1) the witness existed; (2) the witness was available; (3) that counsel was informed of the existence of the witness or should have known of the witness's existence; (4) that the witnesses were available and prepared to cooperate and would have testified on [a]ppellant's behalf; and (5) the absence of the testimony prejudiced the [a]ppellant.

*Commonwealth v. Lawson*, 762 A.2d 753, 756 (Pa. Super. 2000).

Our review of the record discloses that Fransen's argument lacks merit because Attorney Riegel had a reasonable basis for his actions. At the PCRA hearing, Attorney Riegel conceded that he knew of Levanduski and that she was available. N.T., 9/19/2014, at 12. Attorney Riegel further testified that Levanduski's attorney had told him that he was not going to allow Attorney Riegel to speak with Levanduski, and that if Attorney Riegel subpoenaed Levanduski, she would invoke her Fifth Amendment rights on the stand. *Id.* at 13. Attorney Riegel also testified that he advised Fransen that it was not a wise idea to put Levanduski on the stand without having access to her beforehand to determine what she would say. *Id.* at 15; *see also id.* at 23

(wherein Attorney Riegel stated that, from his professional experience, he had three cases in which he called a witness to the stand that he had not previously spoken with, and in two of those three cases, it hurt his client's chances of acquittal). Attorney Riegel determined that based on his judgment, given the evidence introduced at trial, including the love letters and statements to the police, calling Levanduski to testify would not serve Fransen's interests. *Id.* at 23-24.

Our conclusion is consistent with the PCRA court's determination that Attorney Riegel had a reasonable basis for not calling Levanduski as a witness. *See* PCRA Court Opinion, 1/12/15, at 13; *see also Commonwealth v. Lauro*, 819 A.2d 100, 106 (Pa. Super. 2003) (stating that if a reasonable basis exists for counsel's actions, then the inquiry ends and counsel's performance is deemed constitutionally effective). The PCRA court's determination is supported by the record and free of legal error, and Attorney Riegel cannot be deemed ineffective for failing to pursue a futile claim. *See Commonwealth v. Collins*, 616 A.2d 1012, 1015 (Pa. Super. 1992) (stating that "the trial court's refusal to allow a witness for the defense to take the stand was proper where the witness had been indicted for the same crime, and counsel had informed the trial court that the witness had been advised to invoke his Fifth Amendment privilege . . ."); *see also* Pa.R.P.C[.] 2 (stating that "a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer . . . ."); *Commonwealth v. Treadwell*, 911 A.2d 987, 991-92 (Pa. Super. 2006) (stating that counsel is not ineffective for failure to pursue a futile claim).

*Commonwealth v. Fransen*, 2015 WL 6874995, at *2-3 (footnotes omitted).

Establishing a claim of ineffectiveness for failure to call a witness under Pennsylvania law requires proof of: (1) the existence and availability of the witness; (2) counsel's awareness of or duty to know of the witness; (3) the witness' willingness and ability to cooperate and appear on behalf of the defendant; and (4) the necessity of the proposed testimony in order to avoid prejudice. *Commonwealth v. Hall*, 549 Pa. 269, 701

13

A.2d 190 (Pa. 1997). In the matter *sub judice*, Fransen failed to satisfy all of these elements. Although Levanduski was an available witness and counsel knew of her existence, the record reflects that she was not a willing and cooperative witness, and her testimony likely would have prejudiced Fransen. The state court determined that trial counsel had a reasonable basis for not calling Levanduski as a witness, particularly because Levanduski's attorney indicated that he would not allow attorney Riegel to speak with Levanduski, she would invoke her Fifth Amendment rights at trial, and it would not be prudent to call Levanduski to testify without speaking to her before trial. Trial counsel reasonably determined that calling Levanduski to testify would not serve Fransen's interests. Ultimately, the state court concluded that trial counsel was not ineffective for failing to call Levanduski as a witness, and counsel was not ineffective for failing to pursue a futile claim. The Court does not hesitate to conclude that trial counsel was not ineffective for failing to call Levanduski as a witness during trial. Fransen has failed to meet his burden of showing that trial counsel's performance was deficient, as required to prevail on a claim of ineffective assistance of counsel. *Strickland*, 466 U.S. at 688-89. Because the state court found that Fransen failed to make an adequate showing on the performance prong, no analysis of the prejudice prong was required. *See Strickland*, 466 U.S. at 697. The state court decision is not contrary to, nor an unreasonable application of, *Strickland*, and this ineffectiveness claim provides no basis for habeas relief.

## B. Ground Three

Fransen alleges that trial counsel was ineffective in failing to object to statements made by the prosecution during trial. To properly exhaust his state remedies, Fransen was required to fairly present this claim to the state court, either on direct appeal or by collateral review. *See Castille*, 489 U.S. at 349-50; *Blasi v. Attorney General of Pa.*, 30 F. Supp. 2d 481, 487 (M.D. Pa. 1998). The record is clear that Fransen failed to present ground three in the state court proceedings. This claim is thereby defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Fransen's failure to timely and properly pursue this claim at the state level constitutes an independent and adequate state ground sufficient to support a procedural default of the claim. *See Barnhart v. Kyler*, 318 F. Supp.2d 250 (M.D. Pa. 2004). Fransen is not entitled to federal habeas review of this claim unless he can meet his burden of establishing "cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims would result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *Norris v. Brooks*, 794 F.3d 401, 404 (3d Cir. 2015). Fransen admits that he did not raise this issue in the state courts, and fails to establish any cause and prejudice to excuse it. (*See* Doc. 1, p. 9; *see also Teague v. Lane*, 489 U.S. 288, 298 (1989) (holding that the petitioner's failure to allege cause for his default precluded federal habeas review of a defaulted claim)).

Even assuming, *arguendo*, that Fransen is alleging that trial counsel was ineffective

15

for failing to raise this claim, and that default of this claim was caused by ineffective appellate and PCRA counsel, see *Martinez v. Ryan*, 566 U.S. 1, 17 (2012), any such argument fails. First, the *Martinez* exception does not extend to underlying claims of appellate ineffectiveness. See *Davila v. Davis*, 137 S.Ct. 2058, 2065 (2017). Second, Fransen has failed to develop this issue for federal habeas review and, instead, generally states that the prosecution provided false information to the jury. (Doc. 1, p. 9). Fransen fails to state with any specificity the statements or information that the prosecution allegedly provided to the jury. Accordingly, Fransen cannot show cause to excuse procedural default of this claim.

Furthermore, there is no indication that a failure to review this claim will result in a fundamental miscarriage of justice. Consequently, Fransen is precluded from pursuing federal habeas corpus relief with regard to trial counsel's alleged ineffectiveness in failing to present claims of prosecutorial misconduct. Any attempt by Fransen to exhaust his state remedies at this time would be futile because this claim is procedurally defaulted due to waiver of the claim and expiration of the PCRA statute of limitations. See 42 PA. CONS. STAT. § 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding"); 42 PA. CONS. STAT. § 9545(b) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of

the date the judgment becomes final"). Because Fransen is in procedural default for failing to comply with the state filing requirements, the merits of grounds three need not be considered here. *See Coleman*, 501 U.S. at 750.

## IV. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the disposition of this case debatable. As such, a certificate of appealability will not issue.

## V. Conclusion

For the reasons set forth above, the Court will deny the petition for writ of habeas corpus. A separate Order shall issue.

Dated: June 19, 2019

Robert D. Mariani
United States District Judge